# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ABDULKARIM MUHAMMAD, | ) | CASE NO. 1:16-cv-2569 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiff's application for payment of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Doc. No. 20.) The Commissioner filed a response indicating that there is no objection to the award of fees, provided any pre-existing debt that plaintiff may owe to the United States is first offset against the award. (Doc. No. 21.) For the reasons and in the manner set forth herein, plaintiff's application is granted.

## I. BACKGROUND

On October 21, 2016, plaintiff Abdulkarim Muhammad filed this action seeking judicial review of defendant's denial of his application for supplemental security income under Title XVI of the Social Security Act. On October 10, 2017, the assigned magistrate judge issued a Report and Recommendation ("R&R") that the Commissioner's decision should be vacated and the case remanded for further proceedings. The Commissioner indicated that she had no objection to that recommendation. On October 26, 2017, the R&R was accepted and the case was remanded.

Plaintiff filed the instant application, with supporting documentation, requesting an EAJA award in the amount of $7,030.94.

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'").

Although the Commissioner has no objection to the amount of the award requested by plaintiff, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted by plaintiff's counsel shows 37.75 hours of legal services performed between January 19, 2017 and May 5, 2017 (including the typical legal services of reviewing the administrative record, telephone calls, researching, briefing, reviewing court orders, and the like). (Doc. No. 20-3.) The Court finds reasonable both the amount and the nature of the legal services performed.

Plaintiff's counsel requests a billing rate of $186.25/hour. This rate is an upward departure from the $125.00 statutory cap. It is common, although not required, to adjust the statutory hourly

rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living . . . justifies a higher fee.") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase).

The rates proposed by counsel comport with the measure of inflation in this geographic region (*i.e.*, the "Midwest Urban" Consumer Price Index ("CPI")).[1] *Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13CV1845, 2014 WL 4388154, at *3 (N.D. Ohio Sept. 5, 2014) (collecting cases).

In light of these facts and calculations, the Court finds that the unopposed award of $7,030.94 is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). This award will be in full satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010).

Defendant is directed to determine, within 30 days from the date of this order, whether plaintiff owes any pre-existing debt to the United States, to offset any such debt against the award granted herein, and to generate an invoice for any balance that directs the Department of Treasury to pay that balance to plaintiff's attorney pursuant to the attorney's fee assignment duly signed by plaintiff and his counsel. (*See* Doc. No. 20-4.)

---

[1] The measure of inflation in this geographic region is the "Midwest Urban" Consumer Price Index ("CPI"), which is available on the website of the Bureau of Labor Statistics (http://www.bls.gov). The average Midwest Urban CPI for the period in which plaintiff's counsel provided services in this case is 230.548. Dividing this number by 151.7 (the CPI for March 1996) results in a cost of living calculation of 1.52. Multiplying $125 by 1.52 results in an adjusted hourly rate of $189.00. Therefore, the requested rate of $186.25 is not unreasonable.

## III. CONCLUSION

For the reasons set forth herein, plaintiff's application for an award of EAJA attorney fees pursuant to 28 U.S.C. § 2412 in the amount of $7,030.94 is granted, and the amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: February 20, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**